UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

*ELECTRONICALLY FILED*

| | |
|---|---|
| BRANDY VANDERHOOF )<br>209 Rice Ave )<br>Raceland, Kentucky 41169 )<br> )<br>PLAINTIFF )<br> ) CIVIL ACTION NO.<br>vs. )<br> ) _____<br>RACELAND-WORTHINGTON )<br>INDEPENDENT SCHOOL DISTRICT )<br>600 Ram Boulevard )<br>Raceland, Kentucky 41169 )<br> )<br>Serve: Frank Melvin, Superintendent )<br>  Raceland-Worthington )<br>  Independent School District )<br>  600 Ram Boulevard )<br>  Raceland, Kentucky 41169 )<br> )<br>DEFENDANT ) | |

## **VERIFIED COMPLAINT**

Plaintiff Brandy Vanderhoof, for her cause of action against Defendant Raceland-Worthington Independent School District states as follows:

### PARTIES

1. Plaintiff Brandy Vanderhoof is an individual residing in Raceland, Greenup County, Kentucky and is a former employee of Raceland-Worthington Independent Schools.

2. Defendant Raceland-Worthington Independent School District is the school system for Raceland, Greenup County, Kentucky, who employed the Plaintiff.

## JURISDICTION & VENUE

3. This action includes claims arising under the Family Medical Leave Act, the Americans with Disabilities Act, and the Employee Retirement Income Security Act, and jurisdiction is thereby conferred by statute.

4. Venue is proper in the Eastern District of Kentucky pursuant to 28 U.S.C. § 1391.

## FACTS

5. Plaintiff began her employment with Defendant in or around August 2003.

6. At the time of her termination on September 21, 2011, Plaintiff was a contract employee holding the position of Food Service Manager. As the Food Service Manager, the Plaintiff managed the kitchen at Worthington Elementary and supervised two employees.

7. On August 11, 2011, Plaintiff injured her left shoulder at work while lifting a 30 pound box of cheese.

8. Plaintiff filed a workers' compensation claim for the treatment of her work related injuries.

9. On or about August 15, 2011, Plaintiff's treating physician, Dr. Angela Lewis, advised that Plaintiff would be able to return to work on September 15, 2011.

10. Plaintiff provided Defendant's human resources department with a note from Dr. Lewis.

11. On August 23, 2011, Plaintiff was examined by an orthopedic surgeon hired by Defendant's workers compensation insurance carrier, Dr. David Jenkinson.

12. Dr. Jenkinson opined that Plaintiff could return to work immediately without restrictions.

13.   On September 15, 2011, Plaintiff was still receiving treatment for her injury, and Dr. Lewis recommended that Plaintiff not return to work until October 3, 2011.

14.   Plaintiff again provided a note from Dr. Lewis to Defendant's human resources department.

15.   On or about September 19, 2011, Defendant's Finance Director, Mary Johnson, informed Plaintiff that she had to use her sick days in order to remain off work.

16.   Also on September 19, 2011, Mary Johnson suggested that Plaintiff take leave under the Family Medical Leave Act and promised to provide the required forms to Plaintiff.

17.   Concerned about losing her remaining sick days, Plaintiff asked Dr. Lewis to release her to work on light duty.

18.   On September 20, 2011, Dr. Lewis released Plaintiff to return to work with three restrictions: (1) No repetitive motion, (2) No lifting overhead, and (3) No lifting over ten pounds.

19.   After informing her supervisor, Shawn Johnson, of her ability to return to work with restrictions, Plaintiff was notified that she was to start back the following Monday, September 26, 2011.

20.   On or about September 21, 2011, Plaintiff's supervisor, Shawn Johnson, instructed Plaintiff to meet with him the following day to discuss her return to work.

21.   On or about September 22, 2011, Shawn Johnson informed Plaintiff that she could return to work, but she would be given fewer hours and she would be working in a different position under a new Food Service Manager.

22. Johnson also advised that Plaintiff would be responsible for serving lunch, washing trays, and cleaning the kitchen. The new Food Service Manager would handle managerial duties like processing paperwork.

23. Plaintiff believed that her new job duties violated her work restrictions, and requested that she resume her prior managerial duties. Johnson refused.

24. Following this meeting, Plaintiff met with Finance Director Mary Johnson to get FMLA paperwork. Plaintiff advised Mary Johnson that she would have her doctor complete the paperwork during her appointment on September 30, which she in fact did.

25. In a letter dated September 28, 2011, Defendant terminated Plaintiff's employment with an effective date of September 21, 2011.

26. On October 10, 2011, Defendants denied Plaintiff's request for FMLA leave.

27. Plaintiff's FMLA request was denied because Plaintiff's doctor had released her to light duty.

28. As a result of her termination, Plaintiff lost her health insurance and retirement benefits.

## COUNT I – FAMILY MEDICAL LEAVE ACT
*Interference and Retaliation Based on Rights Under*
29 U.S.C. § 2601 *et seq.*

29. The above-described actions of Defendant Raceland Worthington School District constitutes unlawful interference with Plaintiff's FMLA rights.

30. The above-described actions of Defendant Raceland Worthington School District constitutes unlawful retaliation against with Plaintiff for exercise of her FMLA rights.

31.     Defendant acted intentionally, willfully, or recklessly with malice and oppression such that an award of punitive damages is justified.

32.     As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

### COUNT II – AMERICANS WITH DISABILITIES ACT
*Wrongful Termination and Retaliation Based On Disability and/or Perceived Disability*
*42 U.S.C. § 12111, et seq.*

33.     Plaintiff was disabled or regarded as disabled by Defendant.

34.     Defendant did not attempt to reasonably accommodate any disability Plaintiff may have had or was perceived as having.

35.     Plaintiff's disability or perceived disability was a contributing factor in Defendant's decision to terminate her employment.

36.     As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

### COUNT III -- WORKERS' COMPENSATION
*Wrongful Termination and Retaliation Based on Workers' Compensation Claim*
*KRS 342.197*

37.     The above facts constitute a willful violation of KRS 342.197 by Defendant, in that Defendant retaliated against Plaintiff by terminating her for exercising her right to workers' compensation benefits.

38.     As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

## COUNT IV – EMPLOYMENT RETIREMENT INCOME SECURITY ACT
*Retaliation and Interference with Rights Under ERISA*
*29 U.S.C. §1140*

39. Prior to the injury detailed above, Plaintiff was diagnosed and treated for cancer while covered under Defendant's health insurance plan.

40. Upon information and belief, Plaintiff's treatment increased Defendant's costs regarding her employer provided health care benefits.

41. Upon information and belief, Defendant's decision to terminate Plaintiff was based in whole or in part upon the increased cost of providing employer health care benefits to Plaintiff and/or Defendant's motivation to deny the Plaintiff future employer provided health care benefits.

42. That as a direct and proximate result of the aforementioned conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation, mental anguish, and loss of wages and benefits.

Wherefore, Plaintiff, Brandy Vanderhoof, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. A trial by jury on all issues so triable;

2. Compensatory damages in an amount to be determined at trial;

3. Punitive damages in an amount sufficient to punish Defendant for its willful, wanton, oppressive, fraudulent, malicious, and grossly negligent conduct;

4. Her costs herein expended including reasonable attorney fees;

5. Any and all other relief to which she may be entitled.

## VERIFICATION

I am the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
Brandy Vanderhoof

COMMONWEALTH OF KENTUCKY    )
                           ) ss:
COUNTY OF GREENUP          )

SUBSCRIBED AND SWORN to before me this by Brandy Vanderhoof this 29th day of August, 2012.

My commission expires: 2-14-2012

_____
Notary Public, State-at-Large, Kentucky

Respectfully Submitted,

*/s/ Laura E. Landenwich*
Garry R. Adams
Laura E. Landenwich
CLAY FREDERICK ADAMS PLC
101 Meidinger Tower
462 South Fourth Street
Louisville, Kentucky 40202
(502) 587-8423
laura@justiceky.com

shared:LEL:VANDERHOOF:PLEADINGS:Complaint.docx